[Civil No. 4385.   Filed July 1, 1941.]

[114 Pac. (2d) 907.]

G. B. DONALDSON, Petitioner, v. DEAN A. SISK, ROBERT D. KENDALL, and JOHN M. SAKRISON, as Members of and Constituting the Unemployment Compensation Commission of Arizona, and ANA FROHMILLER, as Auditor of the State of Arizona, Respondents.

Mr. Henry H. Miller and Mr. Charles N. Walters, for Petitioner.

Mr. Arthur M. Davis, Mr. Fred O. Wilson, and Mr. Richard Minne, for Respondent Commission.

LOCKWOOD, C. J.—On June 2, 1941, this court rendered its opinion in the above entitled action, directing the Unemployment Compensation Commission of Arizona, and the members thereof, to reinstate G. B. Donaldson as executive director and acting director of the unemployment compensation division of said commission, and to approve his salary claims from February 28, 1941, holding that for reasons set forth in the opinion the acts of the commission in attempting to discharge him from his position as aforesaid were null and void.

On June 21, Donaldson, petitioner herein, appeared before this court asking that Dean A. Sisk, Robert D. Kendall, John M. Sakrison and Lewis Irvine be required to appear and show cause why they should not be punished for contempt in violating the mandate of the court as above. An alternative writ was issued and a return was filed by respondents, stating they had no desire nor intention to violate the mandate of the court, but admitting that for the reasons set forth in their return they had on June 16 again discharged petitioner from his position as aforesaid.

The question before us then is whether, on June 16 they were authorized to make such discharge by reason of the facts set forth in their return. These facts are as follows: The fifteenth legislature of Arizona at its regular session adopted chapter 124, known as the Employment Security Act, which chapter was duly approved by the governor on March 27, 1941. Since it did not carry the emergency clause, by virtue of subdivision 3, section 1 of part 1, article IV of the Constitution of Arizona, it did not become effective until June 16, 1941. It is extremely voluminous and we, there-

fore, give only so much of its provisions, either in substance or by quotation, as may be necessary for the purpose of this opinion. Generally speaking, its effect was to establish a new setup and reorganization as a substitute for chapter 13 of the first special session of 1936, called the Unemployment Compensation Act. Its purpose was obviously to take over the work of the Unemployment Compensation Commission established by the Act of 1936, and carry it on with certain modifications found in the new law and to which we shall refer as necessary. By its terms a new commission was created for the purpose of carrying out the provisions of the Act, which was known as the Employment Security Commission of Arizona. It consisted of three members appointed by the governor whose duties and powers were set forth in the new Act, and it was provided in the portion referring to personnel that:

"(d) Subject to other provisions of this Act, the commission is authorized to appoint, fix the compensation, and prescribe the duties and powers of such officers, accountants, attorneys, experts, and other persons as may be necessary in the performance of its duties. All positions shall be filled by persons selected and appointed on a nonpartisan merit basis. The commission may delegate to any such person so appointed such power and authority as it deems reasonable and proper for the effective administration of this Act, and may in its discretion bond any person handling moneys or signing checks hereunder." Section 11, chapter 124, *supra.*

In this respect it followed the Act of 1936. But section 10 of chapter 124, *supra,* varied materially from section 10 of chapter 13, *supra.* It reads so far as material to this case as follows:

"(c) *Divisions.* The commission shall establish and supervise the conduct of two coordinate divisions: the Arizona State Employment Service Division *created*

*pursuant to section 56–1012, Arizona Code of 1939,* and the Unemployment Compensation Division. Each division shall be responsible for the discharge of its distinctive functions. Each division shall be a separate administrative unit with respect to personnel budget, and duties, except in so far as the commission may find that such separation is impracticable. The commission is authorized to appoint, fix the compensation of, and prescribe the duties of the director of the Unemployment Compensation Division, provided that such appointment shall be made on a nonpartisan merit basis, in accordance with the provisions of this act relating to personnel. The director of the Arizona State Employment Service Division *created pursuant to section 56–1012, Arizona Code of 1939,* may, in addition to his other duties, be appointed director of the Unemployment Compensation Division and *shall be the executive official of the commission."* Section 10, chapter 124, *supra.* (Italics ours.)

And section 56–1012, referred to therein, was not repealed by chapter 124, *supra.*

██ The effect of this provision was to take the Arizona State Employment Service Division created by the Act of 1936, with its personnel and powers as created thereunder intact, and insert it as an integral part of the new organization created by chapter 124, *supra,* and by legislative fiat to name its director as the permanent executive officer of the new commission. From and after June 16 the latter had no power to segregate the two positions. Why this change was made in the new law is, so far as this court is concerned, immaterial. The fact is that the legislature did expressly and deliberately so provide, and since there is no contention that it did not have the full power to make such regulations as it saw fit in regard to the commission created by it and its personnel, we must accept its action as being the law of Arizona. The members of the old Unemployment Compensation Commission were duly appointed to be the members of the new Employment Security Commission.

■■  While the new commission takes over the functions of the old one in great part it is, as a matter of law, a separate and distinct entity, governed solely by the Act which created it, and we can look only to that Act to determine its powers, duties and limitations.  The merit system established under the Act of 1936 is of no force and effect under the Act of 1941 except in so far as it may be adopted and approved by the Employment Security Commission provided by the later Act.  Further, when that Act expressly provides for the manner in which a certain position created thereby shall be filled, as it does with the position of executive officer of the commission, such direction by the legislature takes precedence of any regulation established under the merit system provided by the law of 1936 or under any merit system which may be established by the law of 1941.  It must be remembered that the merit systems provided by both Acts are under legislative mandates and they may, therefore, be amended, modified or limited in such manner as the legislature sees fit.

■  It is urged most strenuously in the briefs that the officials of the federal government charged with the administration of the Wagner-Peyser Act adopted by the Congress of the United States, 29 U. S. C. A., §§ 49–49 *l*, have informed the members of the Employment Security Commission that the provisions of chapter 124, which we have discussed, are in conflict with the regulations established by that government under such Act and that no further federal aid in the administration by the state of chapter 124, *supra,* will be given if it insists upon enforcing those provisions. This is doubtless a most unfortunate situation but it cannot affect our action as a court.  It is our primary duty to uphold and enforce the laws of the state of Arizona unless they are in conflict with the Federal Constitution, and there is no contention that the latter

is the case. The federal government has declared in the Wagner-Peyser Act that if the various states will comply with certain conditions it will grant them financial assistance, but it is optional with the states as to whether they do so comply and, therefore, entitle themselves to receive such compensation. If the federal administrative authorities are not satisfied with the legislation of Arizona upon the subject of social security and withdraw federal aid from this state, the question as to whether they may legally do so is a matter to be determined in a proper proceeding, but certainly we cannot hold an act of our legislature void merely because those officers do not approve of the policies set forth therein.

It is true that under section 56–1012, *supra,* the provisions of the Wagner-Peyser Act are "hereby accepted by this state, in conformity with section 4 (§ 56–1004) of said act, and this state will observe and comply with the requirements thereof" and that appointments of the "director, other officers, and employees of the Arizona state employment service . . . shall be made in accordance with regulations prescribed by the director of the United States employment service," but the explicit and express provision of the later Act of 1941, naming the director of the state employment service as executive officer of the new commission necessarily governs if there is any conflict with section 56–1012, *supra,* particularly in view of the language of subdivision (k) of section 11 of the Act of 1941, that the cooperation with the Federal Board shall be only "consistent with the provisions of this Act."

Since chapter 124, *supra,* creates a new legal entity, the Employment Security Commission, and provides expressly that a certain designated person shall be the executive officer of the commission, and since such Act is nowise in conflict with the Constitu-

490

tion of the United States nor of the state of Arizona, we have no other alternative than to declare that the Employment Security Commission as above constituted was doing no more than its mandatory duty under the new law when it informed petitioner that he was not the executive officer provided by such law, but that the director of the Arizona state employment service division as created by the Act of 1936 was by the Act of the legislature in 1941 created the executive officer of the Employment Security Commission and succeeded to the position and the duties of executive director previously held by petitioner under the Act of 1936.

The alternative writ heretofore issued is quashed.

McALISTER and ROSS, JJ., concur.