473 P.2d 817

**Jake VAUGHN, Appellant,**

v.

**The STATE of Arizona, Appellee.**

**No. 2 CA–CIV 820.**

Court of Appeals of Arizona, Division 2.

Aug. 26, 1970.

Rehearing Denied Sept. 25, 1970.

Jake Vaughn, in pro per.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

KRUCKER, Judge.

Defendant, Jake Vaughn, was convicted of grand theft and burglary. He was sentenced to consecutive sentences. He then filed an application for a writ of habeas corpus claiming his sentences were illegal. The trial court denied this application and defendant appeals.

The two issues raised on appeal are as follows:

(1) Did the superior court err by imposing consecutive sentences for the same occurrence?

(2) Did the superior court err in denying the writ and also not complying with the Arizona Statute as is required by law?

We take these arguments together.

Defendant's exact contentions have been raised and settled in this jurisdiction for some time. A.R.S. § 13–1641 reads:

"An act or omission which is made punishable in different ways by different sections of the laws may be punished under either, but in no event under more than one. An acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

Defendant contends this protects him from double punishment because the theft and burglary occurred as one transaction. The Arizona Supreme Court, and numerous cases since, have pointed out that this statute does not prevent double punishment simply because the acts took place as one occurrence. It only protects against double punishment for the same crime. It is always possible for multiple crimes to occur in one transaction and burglary is a distinctly different crime from grand theft, requiring no actual taking. State v. Hutton, 87 Ariz. 176, 349 P.2d 187 (1960);

State v. Payne, 7 Ariz.App. 43, 436 P.2d 137 (1968).

Judgment affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.