568 P.2d 1119

**STATE of Arizona, Appellee,**

v.

**James JOHNSON, Appellant.**

**No. 1 CA–CR 2259.**

Court of Appeals of Arizona,
Division 1,
Department A.

June 2, 1977.

Rehearing Denied July 7, 1977.

Review Denied Sept. 13, 1977.

Bruce E. Babbitt, Atty. Gen., by Lynn Hamilton, Asst. Atty. Gen., Phoenix, for appellee.

Halladay & Hall by Terry F. Hall, Phoenix, for appellant.

## OPINION

HAIRE, Judge.

Pursuant to a plea agreement, appellant pled no contest to a charge of robbery while armed with a gun, and was sentenced to a term of not less than eight nor more than ten years in the Arizona State Prison. He raises three issues on this appeal:

1. Whether the punishment provisions for the crime of robbery armed with a gun or deadly weapon, contained in A.R.S. § 13–643 B, are void for vagueness.

2. Whether the trial court failed to inform appellant pursuant to Rule 17.2(b), Rules of Criminal Procedure, of the special punishment provisions to which he would be subject under A.R.S. § 13–643 B.

3. Whether the sentencing judge denied appellant due process of law by failing to allow appellant the opportunity to withdraw his guilty plea.

■■■ We first consider appellant's contention that the penalty provisions of A.R.S. § 13–643 B are so vague as to be constitutionally infirm. The statute reads as follows:

"B. Robbery committed by a person armed with a gun or deadly weapon is punishable by imprisonment in the state prison, for the first offense, for not less than five years, for a second offense, not less than ten years, for a third or subsequent offense, not less than twenty years nor more than life imprisonment, and in no case, except for a first offense committed by a person armed with a deadly weapon other than a gun, shall the person convicted be eligible for suspension or commutation of sentence, probation, pardon or parole until such person has served the minimum sentence imposed."

As a basis for his claim of constitutional infirmity, appellant points to an alleged ambiguity in the words "until such person has served the *minimum sentence imposed.*" (Emphasis added). Appellant argues that the terms of the statute are ambiguous, where the *minimum sentence imposed* by the trial court is longer than five years, as to whether parole eligibility commences after a convicted person has served five years of the longer minimum sentence or commences only after he has served the longer minimum sentence. The fallacy in this contention lies in appellant's assumption that the five year statutory minimum is a "sentence imposed". While it is true that statutes may fix or define minimum and maximum penalties (and in that sense fix or define minimum and maximum sentences which may be imposed), statutes do not "impose sentences" upon defendants. Sentences are imposed by judges. As stated by the Illinois Supreme Court in *People v. Nicholson*, 401 Ill. 546, 82 N.E.2d 656 (1948):

"There is a difference between penalty and sentence, which plaintiff in error has

consistently overlooked in his argument. The punishment or penalty is fixed by the law defining and inhibiting the criminal act; the sentence is the final determination of the criminal court,—the pronouncement by the judge of the penalty or punishment as the consequence to the defendant of the fact of his guilt." 82 N.E.2d at 659.

A similar distinction exists in Arizona practice. Rule 26.1(b) of Arizona's Rules of Criminal Procedure states:

"b. Sentence. The term *sentence means the pronouncement by the court of the penalty imposed* upon the defendant after a judgment of guilty." (Emphasis added).

*See also*, A.R.S. § 13–1642 A.[1] We conclude that when the statute refers to the "minimum sentence imposed" it must be construed as referring to the actual imposition of sentence by the trial judge, and that appellant's contention that the statute is void for vagueness in its penalty provisions must fail. *Accord, State v. Davis*, 115 Ariz. App. 153, 564 P.2d 104 (1977).

■ We therefore find that the penalty provisions[2] of A.R.S. § 13–643 B are reasonably susceptible to judicial construction and interpretation, and are not, as appellant claims, "void for vagueness". However, this is not to say that we find the special penalty provisions of the statute a model of clarity for all purposes. With the foregoing prefatory statement, we now proceed to a consideration of appellant's second issue listed above, that is, whether the trial court adequately advised him of the special punishment provisions to which he would be subject under A.R.S. § 13–643 B. The essence of this contention is that the trial court failed to advise him that he would not be eligible for parole until he had served the full minimum sentence which might be imposed by the court even if that minimum was in excess of the five year statutory minimum established by A.R.S. § 13–643 B.

The record shows that the appellant entered into a written plea agreement with respect to the charge of perpetrating an armed robbery upon a convenience store clerk, with a sawed-off shotgun. The agreement contains the following provision and footnote relating to the possible minimum and maximum sentences established by statute:

"1. The crime to which the defendant will plead no contest carries a sentence no greater than 5 years to life in State Prison—and no less than 5 years ( * Note).

\* \* \* \* \* \*

" * Note

"Defendant must serve 5 years in the State Prison & will not be eligible for release for any reason until 5 years are served." (Underlined words handwritten in original).

The "Plea Agreement" did not purport to contain any agreement by the parties concerning the sentence which might actually be imposed by the trial judge within the stated statutory limits.

The change of plea proceedings took place the same day, and included the following dialogue:

"THE COURT: Do you understand precisely what you are charged with?

THE DEFENDANT: Yes sir, my lawyer told me, explained it to me.

THE COURT: Yes. It's Armed Robbery with a gun, and under this charge— Has the possible minimum and maximum sentences been explained to you?

THE DEFENDANT: Yes, sir.

THE COURT: What is the minimum?

THE DEFENDANT: Five years.

THE COURT: Five years without possibility for parole.

THE DEFENDANT: Yes, sir.

THE COURT: And the maximum is life.

---

1. A.R.S. § 13–1642A reads as follows:

"A. The several sections of the Revised Statutes which declare certain crimes to be punishable as therein mentioned devolve a duty upon *the court authorized to pass sentence* to determine and *impose the punishment prescribed.*" (Emphasis added).

2. There is no contention that the statute fails to give fair and adequate warning as to the conduct proscribed.

THE DEFENDANT: Life.

THE COURT: And just to make sure, that is 13–641 [sic].[3] The Statute says that "Robbery committed by a person armed with a gun or deadly weapon is punishable by imprisonment in the state prison, for the first offense, for not less than five years, nor more than life imprisonment, and in no case, except for a first offense committed by a person armed with a deadly weapon other than a gun, shall the person convicted be eligible for suspension or commutation of sentence, probation, pardon or parole until such person has served the minimum sentence imposed.

You understand that?

THE DEFENDANT: Yes, sir."

The state contends that the above-quoted reading of the statute by the trial judge was sufficient to give notice to the appellant of the fact that he would have to serve, without eligibility for release on parole, the full minimum sentence which might be imposed by the trial judge. When considered in the context of the record in this case, we disagree. First, the hand-written note to the plea agreement (quoted above) which deals with the special penalty provisions, emphasizes that defendant must serve five years without eligibility for release for any reason and does not even mention a possibility that the statutory non-release term might be for a longer period such as the 8 year term here imposed [4]. Thus, the plea agreement, when considered alone, gave inadequate notice to defendant of the special penalty provisions of the statute. While the statutory provision was read to defendant at the plea hearing, it is readily apparent from the context in which it was read that the purpose of reading it was to emphasize to appellant the possible minimum and maximum sentences which might be imposed, and not to advise him of the fact that he would have to serve whatever minimum was actually imposed. Apart from the reading of the statute, the only statement made which specifically referred to the special sentencing provisions: "Five years without possibility of parole", reinforced the impression that five years was the term without possibility of release. While we have previously rejected appellant's contention that § 13–643 B is "void for vagueness", we have also indicated that it is not a model of clarity. Perhaps, if appellant had been trained in the law, we could expect him to appreciate, from hearing the reading of the statute by the trial judge, the fact that he would not be eligible for release on parole until he had served the full minimum sentence which the trial judge might impose.[5] Be that as it may, appellant is not a lawyer, and no attempt was made to explain the special sentencing provision to him.

We therefore find that the record presented to this Court does not demonstrate that appellant was adequately advised, as required by Rule 17.2(b), Rules of Criminal Procedure, of the special sentencing conditions imposed by A.R.S. § 13–643 B. Because of this failure, the plea of guilty must be set aside and the judgment and sentence based thereon reversed.

In view of the above disposition, we need not consider appellant's final contention that he should have been allowed to withdraw his plea pursuant to Rule 17.4(e) because the sentencing judge "failed to abide by the plea agreement's provision of five years as the minimum sentence." In this connection, however, we note that we do not so interpret the plea agreement, and further note that no request to withdraw the plea was made in the trial court, as contemplated by Rule 17.5, Rules of Criminal Procedure.

---

3. The correct statute is A.R.S. § 13–643.

4. Although irrelevant to the contentions here, it is footnoteworthy that it is theoretically possible for this appellant to serve his maximum sentence, assuming that he earns statutory credits, in less than the eight year term of his minimum sentence. *Arnold v. Moran*, 114 Ariz. 335, 560 P.2d 1242 (1977). It is even theoretically possible to be entitled to release before the expiration of five years.

5. *But see, State v. Holbert*, 114 Ariz. 244, 560 P.2d 428 (1977).

The plea of guilty is vacated, the judgment and sentence are reversed, and the matter is remanded for further proceedings consistent with this opinion.

NELSON, P. J., and DONOFRIO, J., concur.