571 P.2d 1024

The STATE of Arizona, Appellee,

v.

Willie James SOLOMAN, Jr., Appellant.

No. 3833.

Supreme Court of Arizona,
In Banc.

Nov. 14, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer III and Gregory A. McCarthy, Asst. Attys. Gen., Phoenix, for appellee.

E. Reid Southern, Phoenix, for appellant.

CAMERON, Chief Justice.

Defendant appeals from a judgment of guilt after a plea pursuant to an agreement.

We take jurisdiction pursuant to A.R.S. § 13–1711.

We must answer two questions in order to determine this appeal:

1. Which statute sets the punishment for the crime charged?
2. Did the court adequately inform the defendant of the nature and range of the possible sentences under the applicable statute?

The facts necessary for a determination of these issues are as follows. At approximately 3:00 a.m. on 23 September 1976, the defendant entered the apartment of Eva Macias through a window and, while armed

with a knife, forced her to have sexual intercourse with him. He also allegedly took food and money belonging to his victim when he left. Defendant was subsequently charged with armed burglary and armed rape. Pursuant to a plea agreement, he pled guilty to the charge of armed rape, first degree, A.R.S. §§ 13–611 and 13–614(C). He was adjudged guilty and sentenced to serve from 30 years to life in prison from which judgment and sentence defendant appeals.

## WHICH STATUTE APPLIES?

■ The statute setting the punishment for rape (A.R.S. § 13–614) was amended by the legislature in 1967 and again in 1976. The 1967 version of the statute provides for lesser mandatory penalties than the 1976 statute. If the 1967 version controls, there is no basis for an appeal based upon misunderstanding of the sentence. The offense for which defendant was charged occurred on 23 September 1976 at 3:00 a.m. The State contends that the 1967 statute was in effect at the time of the crime.

Our Constitution provides:
" * * * [T]o allow opportunity for Referendum Petitions, no Act passed by the Legislature shall be operative for ninety days after the close of the session of the Legislature enacting such measure. * * *" Arizona Constitution, Art. 4, Pt. 1, § 1(3).

The 1976 rape punishment statute was passed during the legislative session which adjourned on 24 June 1976. By excluding the 24th day of June, the 90th day is the 22nd of September and the 23rd of September is the 91st day. A.R.S. § 1–243. See also Rule 6(a), Rules of Civil Procedure, 16 A.R.S.; Rule 1.3, Rules of Criminal Procedure, 17 A.R.S. The effective date of the statute was 23 September 1976, the 91st day.

Our statute reads:
"§ 1–241. *Time statutes take effect*
"A. An act or statute which *by its terms* is to take effect *on a specified day* shall, unless otherwise provided in the act or statute, take effect at twelve o'clock noon on the day specified.

"B. An act or statute, which *by its terms* is to take effect *from and after a specified day,* shall take effect at midnight of the day specified." (emphasis added)

The State contends that Paragraph A applies and that since the crime occurred before noon on the 23rd, the old statute would apply. We do not agree.

Because the legislature did not provide for an effective date, A.R.S. § 1–241 does not apply and the constitutional provision controls.

■ The clear implication of the Arizona Constitution's general rule governing the effective date of legislative acts is that an act becomes law on the 91st day after the date on which the session of the legislature enacting such act is adjourned sine die. See *Bland v. Jordan,* 79 Ariz. 384, 291 P.2d 205 (1955); *Donaldson v. Sisk,* 57 Ariz. 483, 114 P.2d 907 (1941); *Consolidated Motors v. Skousen,* 56 Ariz. 481, 190 P.2d 41 (1941). We take judicial notice of the fact that a day begins the instant after midnight of the preceding day. We find, therefore, that the 1976 version of the rape punishment statute became effective at approximately 12:01 a.m., 23 September 1976 and was thus in effect at the time the instant offense was committed.

## DID THE COURT ADEQUATELY INFORM THE DEFENDANT OF THE NATURE AND RANGE OF HIS SENTENCE?

"For a plea to be intelligently made, a defendant must understand the 'consequences of the plea,' *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); (additional citations omitted) * * and this must affirmatively appear on the record, *State v. Carr,* 108 Ariz. 203, 495 P.2d 134 (1972)." *State v. Geiger,* 113 Ariz. 297, 298, 552 P.2d 1191, 1192 (1976).

■ In addition, Rule 17.2 of the Arizona Rules of Criminal Procedure (1973), 17 A.R.S., provides:

"Before accepting a plea of guilty or no contest, the court shall address the defendant personally in open court, informing him of and determining that he understands the following:

\* \* \* \* \* \*

"b. The nature and range of possible sentence for the offense to which the plea is offered, including any special conditions regarding sentence, parole, or commutation imposed by statute; \* \* \*."

The 1976 version of the rape punishment statute provides in part:

"C. Rape in the first or second degree committed by a person armed with a knife, a gun or other deadly weapon is punishable by imprisonment in the state prison, for the first offense, for not less than five years, for a second offense, not less than ten years, for a third or subsequent offense, not less than twenty years nor more than life imprisonment, and in no case shall the person convicted be eligible for suspension or commutation of sentence, probation, pardon or parole until such person has served the minimum sentence imposed." A.R.S. § 13–614(C).

The plea agreement signed by the defendant contained the following:

"1. The crime carries a sentence no greater than *5 yrs to life imprisonment in ASP* and not less than *probation,* the mandatory minimum (if any) is *none,* and the special conditions regarding sentence, parole or commutation imposed by statute (if any) are *none.*"

The plea agreement was later changed with the word "probation" crossed out and initialed, and the word "none" changed to "5 Years" in the spot for the mandatory minimum. The special conditions remained "none."

During the plea acceptance proceeding, the following dialogue took place between the judge and the defendant:

"THE COURT: Do you understand, that the crime carries a sentence from a minimum of five years in the Arizona State Prison to life imprisonment in the Arizona State Prison? Do you understand that?

"THE DEFENDANT: Yes.

"THE COURT: You understand, there is also a possibility of probation?

"THE DEFENDANT: Yes, Sir."

Later in the proceeding the prosecutor requested a clarification regarding the possibility of probation:

"MR. MOUNT: Because of the initial confusion regarding sentencing, I wonder if the Court would more specifically instruct the Defendant as to the possible sentence, that probation is not a possibility in this case.

"THE COURT: No, it takes five years— five calendar years, minimum. *Whatever the minimum sentence is.* It could be more. The statute says, it must not be less than five.

"THE DEFENDANT: Yes." (Emphasis added)

We have stated:

" \* \* \* Federal Rule 11, *supra,* requires the court to determine that defendant understands the nature of the charge, the mandatory minimum and the maximum possible penalty. Apparently *Boykin, supra,* requires at least this much information as to the sentence before the plea can be said to be intelligently made. This requirement is of constitutional dimensions and must be complied with. What of the myriad of sentencing special conditions found in our statutes; is it necessary to explain all of these in order to find that the mandate of *Boykin, supra,* has been met? Our response to that is, no, not always. \* \* \*

"Under Rule 17.2, supra, it is error for the trial judge to fail to assure himself that the defendant understands the range of the sentence and the special conditions applying to that sentence. However, if the defendant was not prejudiced by his lack of understanding of the complete provisions of the sentencing statute, the error is not reversible error. \* \* \*"
*State v. Cuthbertson,* 117 Ariz. ——, ——, 570 P.2d 1075, 1077, filed October 17, 1977.

In the instant case, we are unable to conclude that the judge's statement

"No, it takes five years—five calendar years, minimum. Whatever the minimum sentence is. It could be more" adequately informed the defendant of the special conditions regarding sentence, parole, or commutation imposed by A.R.S. § 13–614(C) [the armed rape punishment statute]. First of all, the statement was made in response to a request to correct the judge's earlier erroneous statement that probation was a possibility. There is no indication that the response was intended or understood to cover parole ineligibility. The record does not show that the defendant knew of the special conditions of the sentence for the crime to which he was pleading guilty. It is clear that if he did not know, it was to his prejudice. He received a 30 year minimum sentence when he may well have expected to receive a sentence which he could complete in less than 30 years. In fact, there is indication in the record that the judge himself did not understand that the defendant would be ineligible for parole until he had served 30 years. After imposing the sentence of from 30 years to life the judge told the defendant:

"You must do the first five years flat. That's five calendar years. You don't get double time, credit, good time credit. You must do five years minimum. That's five statutory years."

We therefore remand the case to the trial court for an evidentiary hearing within 60 days of the issuance of the mandate herein to determine whether the defendant was aware of the special conditions of his sentence at the time of his plea of guilty. If the court finds he was not aware of the special conditions of his sentence, the judgment shall be set aside, the plea agreement vacated, and the original charges reinstated. If the court does find that the defendant did, in fact, know of the special conditions of the sentence, the record made at such hearing and the court's findings shall be forthwith transmitted to this court together with objections to the findings, if any, within 90 days of the mandate herein.

STRUCKMEYER, V. C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.