610 P.2d 59
**STATE of Arizona, Appellee,**

v.

**Gregg Glen GORDON and Douglas Wheeler Thomas, Appellants.**

No. 4901.

Supreme Court of Arizona,
In Banc.

April 8, 1980.

Robert K. Corbin, Atty. Gen., William J. Schafer, III, Chief Counsel, Criminal Division, Asst. Atty. Gen., David R. Cole, Asst. Atty. Gen., Phoenix, for appellee.

Garth Nelson, Yuma, for appellants.

GORDON, Justice:

Defendants Gregg Glen Gordon and Douglas Wheeler Thomas appeal their sentences for kidnapping, a class four felony, and attempted theft by extortion, a class three felony. Taking jurisdiction pursuant to 17A A.R.S., Rules of Supreme Court, Rule 47(e)(5), we affirm.

On the evening of October 29, 1978, a nine-year old boy was abducted near his home by being dragged into a car by two men wearing ski masks. The child's father subsequently received a call and was told to pick up a note in a certain phone booth. The note indicated that his son had been kidnapped and demanded a ransom of $50,-000. It also stated that the child was in an old ice box with a life support system, "so

you don't have much time \* \* \*. If anyone tries to stop me from getting the money, your son will be dead \* \* \*." Subsequent calls and notes gave instructions for the ransom payment.

On November 2, 1978, the missing child was found by police, walking along a road in a farming area east of his home town. He had not been kept in an icebox, but in a camp "by the river," where one of the abductors had stayed with him. Handcuffs had been placed on his feet to restrict his movement, but he had not been tied up or physically harmed in any way. When the boy complained of stomachaches, headaches, and insect bites, the two men abandoned their plan and released him. Medical examination indicated that the victim was suffering from exposure and insect bites, but was otherwise in good physical condition.

Shortly thereafter, the defendants were arrested. On the basis of plea agreements, each later entered guilty pleas to kidnapping and to attempted theft by extortion. At sentencing, the presumptive sentence was imposed on each count: four years on the kidnapping charge and five years on the attempted theft by extortion charge, both sentences to be served by each defendant consecutively.

 In a timely consolidated appeal, the defendants first contend that the trial court erred in imposing consecutive sentences. At the guilty plea proceedings, the court advised defendants as to the possible range of sentences: a minimum of two years, maximum of five years, and presumptive sentence of four years on the kidnapping count; a minimum of 3.75 years, maximum ten years, and presumptive sentence of five years on the attempted extortion count. No mention was made of consecutive as opposed to concurrent sentences. Defendants argue that the failure to advise of the possibility of consecutive sentences

does violence to the United States Supreme Court's holding in *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) and to Rule 17.2(b), 17 A.R.S., Rules of Criminal Procedure.[1]

In *State v. Young*, 106 Ariz. 589, 480 P.2d 345 (1971), we expressly held that the failure to advise of the possibility of consecutive sentences does not violate the principle enunciated in *Boykin* :

> " \* \* \* [T]his court is of the opinion that the real thrust of *Boykin* is that a defendant may not be permitted to give up *constitutional rights* unless he is aware of them and voluntarily waives them. A defendant has no constitutional right to receive concurrent sentences for two separate offenses \* \* \*. Even if *Boykin* requires that a defendant be aware of certain consequences of a guilty plea other than the giving up of constitutional rights, we are of the opinion that such a requirement would not apply to a consequence so obvious as separate punishments for separate crimes; a consequence of which the defendant must be presumed to be aware." 106 Ariz. at 590–91, 480 P.2d 346–47.

Defendants claim that *Young* should not apply here, because *Young* involved two completely unrelated offenses, consolidated for trial for convenience. We agree with the state's characterization of this claim as a "distinction without a difference." The fact that defendants' offenses were related does not make *Young* inapplicable. *Cf. State v. Belcher*, 108 Ariz. 290, 496 P.2d 590 (1972); *Vaughn v. State*, 13 Ariz.App. 15, 473 P.2d 817 (1970). Each defendant entered pleas of guilty to two criminal acts, and each must be presumed to have been aware of the obvious consequences of separate punishments for the two crimes. Similarly, we do not consider the possibility of receiving consecutive sentences to be a "special condition regarding sentence" con-

---

1. Rule 17.2 provides:

 "Before accepting a plea of guilty or no contest, the court shall address the defendant personally in open court, informing him of and determining that he understands the following:
 \* \* \* \* \* \*

 "b. The nature and range of possible sentence for the offense to which the plea is offered, including any special conditions regarding sentence, parole or commutation imposed by statute \* \* \*."

templated by Rule 17.2(b), 17 A.R.S., Rules of Criminal Procedure.[2]

■ Defendants also challenge their consecutive sentences as proscribed by A.R.S. § 13–116, which provides:

"An act or omission which is made punishable in different ways by different sections of the laws may be punished under both, but in no event may sentences be other than concurrent. * * * "

We consider defendants' actions separate offenses, albeit closely related, and not "an act or omission which is made punishable in different ways." *Cf. State v. Davis*, 119 Ariz. 529, 582 P.2d 175 (1978); *State v. Helmick*, 112 Ariz. 166, 540 P.2d 638 (1975). The long-established test for determining the applicability of A.R.S. § 13–1641, the precursor of § 13–116, is to eliminate the elements of one charge and then determine whether the remaining evidence supports the elements of the additional charge. *State v. Davis, supra; State v. Tinghitella*, 108 Ariz. 1, 491 P.2d 834 (1971). In the instant case, the elimination of the elements in either charge leaves facts sufficient for a conviction on the remaining charge.

■ Defendants next argue that, because the trial judge did not expressly state his reasons for imposing consecutive sentences, his conduct ran afoul of A.R.S. § 13–708, which provides in pertinent part:

"If multiple sentences * * * are imposed on a person at the same time, * * * the * * * sentences * * * shall run concurrently unless the court expressly directs otherwise, in which case the court shall set forth on the record the reason for its sentence."

We find that the trial judge complied with § 13–708 by indicating his familiarity with the presentence report and by proffering reasons why the acts committed by defendants warranted the sentences about to be imposed.

Finally, defendants seek this Court's exercise of its power to reduce a sentence, pursuant to A.R.S. § 13–4037 B,[3] because of the trial court's alleged abuse of discretion in imposing consecutive sentences.

■ The power vested by A.R.S. § 13–4037 B, formerly § 13–1717 B, is seldom exercised, because the trial judge is in the best position to evaluate a defendant. *State v. Herrera*, 121 Ariz. 12, 588 P.2d 305 (1978), *cert. denied*, 441 U.S. 949, 99 S.Ct. 2175, 60 L.Ed.2d 1054 (1979). The trial judge, thus, has broad discretion in sentencing. An abuse of that discretion will not be found absent a decision characterized by arbitrariness or capriciousness or by a failure to conduct an adequate investigation into the facts relevant to sentencing. *See State v. Patton*, 120 Ariz. 386, 586 P.2d 635 (1978).

■ Our scrutiny of the record convinces us that the trial judge did adequately investigate and was justified in reacting severely to the reprehensible acts committed by defendants. Like him, we are unpersuaded by defendants' assertion of mitigating factors. The defendants were not unduly young, being ages 23 and 26 at the time of the crime; nor does their cooperation with the police lessen their culpability for the mental

---

**2.** We note that, in connection with this issue, defendants challenge their sentences rather than their convictions. If we had agreed, however, that defendants, in fact, had been deprived of their rights under *Boykin* and Rule 17.2(b), a reduction in sentence would not have been the proper remedy. Such a determination would have necessitated either setting aside the guilty pleas as unintelligent, *see, e. g., State v. Johnson*, 116 Ariz. 221, 568 P.2d 1119 (App. 1977), or remanded to the trial court to determine if the defendants were independently aware of the possibility of consecutive sentences. *See, e. g., State v. Soloman*, 117 Ariz. 228, 571 P.2d 1024 (1977).

**3.** A.R.S. § 13–4037 B provides:

"B. Upon an appeal from the judgment or from the sentence on the ground that it is excessive, the court shall have the power to reduce the extent or duration of the punishment imposed, if, in its opinion, the conviction is proper, but the punishment imposed is greater than under the circumstances of the case ought to be inflicted. In such a case, the supreme court shall impose any legal sentence, not more severe than that originally imposed, which in its opinion is proper. Such sentence shall be enforced by the court from which the appeal was taken."

anguish inflicted upon the parents and child. Defendants' contention of duress by drug dealers seeking $50,000 from them is not persuasively supported by the record, nor would it in any way justify their actions even if true. The trial judge did not abuse his discretion by imposing consecutive sentences.

We have examined the record for fundamental error as mandated by A.R.S. § 13–4035 B and such cases as *State v. Rose*, 121 Ariz. 131, 589 P.2d 5 (1978). Finding none, we affirm the judgment and sentences of the Superior Court.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and HAYS and CAMERON, JJ., concur.