NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

KEVIN JOSEPH BIBBINS, *Appellant.*

No. 1 CA-CR 15-0086
FILED 2-4-2016

Appeal from the Superior Court in Mohave County
No. S8015CR201400814
The Honorable Steven F. Conn, Judge

**AFFIRMED**

APPEARANCES

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Law Office of Daniel DeRienzo PLLC, Prescott Valley
By Daniel J. DeRienzo
*Counsel for Appellant*

Kevin Joseph Bibbins, Tucson
Appellant

**MEMORANDUM DECISION**

Judge John C. Gemmill delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Kent E. Cattani joined.

**G E M M I L L**, Judge:

¶1        Kevin Joseph Bibbins appeals from his convictions for aggravated assault, a Class 3 felony, and disorderly conduct, a Class 6 felony.  Bibbins's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), stating that he has searched the record and found no arguable question of law and requesting that this court examine the record for reversible error.  Bibbins was given permission to file a *pro per* supplemental brief and did so.  He also filed additions to that supplemental brief, identifying various issues that we address below.  For the following reasons, we affirm Bibbins's convictions and sentences.

**Facts and Procedural History**

¶2        Upon review, we view the facts in the light most favorable to sustaining the jury's verdicts and resolve all inferences against Bibbins. *State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).  Bibbins lived in an adjoining apartment of the Sunrise Suites, next door to the victim ("M.C."). On the morning of June 11, 2014, while M.C. was making coffee in his kitchen, he heard Bibbins knock on his front door.  When M.C. opened the door, Bibbins informed M.C. that if he did not stop slamming cabinet doors, Bibbins would cut and beat him.  After getting dressed, M.C. walked out into the hallway of the apartment complex, in between the two apartments, and said "[i]f you have a problem, come out and talk to me."  Bibbins then came out of his apartment into the hallway and when they were approximately three feet apart, Bibbins raised and pointed a knife at M.C. 12 to 18 inches away from M.C.'s chest.  M.C. repeatedly asked Bibbins to put the knife down.

¶3        The property manager ("R.P.") heard the conflict from his office and walked up to the second floor hallway and approached M.C. and Bibbins.  After coming within a few feet of them, R.P. saw that Bibbins had a knife pointed at M.C. and told Bibbins several times to put the weapon down.  Bibbins eventually walked back into his apartment and put the knife away, but then returned to the hallway and continued arguing with M.C. R.P. told M.C. and Bibbins to return to their own apartments and called the police.  Two police officers arrived at the scene where they spoke with Bibbins and seized the knife from inside his apartment.

¶4            A jury convicted Bibbins of aggravated assault and disorderly conduct.  At sentencing the superior court found several mitigating factors, and sentenced Bibbins to mitigated, concurrent sentences of 5.25 years of incarceration for aggravated assault and 1.75 years for disorderly conduct.  The court gave Bibbins credit for 223 days of presentence incarceration.  Bibbins appeals, and we have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031 and 13-4033.

**Denial of Rule 20 Motion**

¶5            Bibbins asserts the trial court erred in denying his motion for judgment of acquittal, under Arizona Rule of Criminal Procedure 20(a) ("Rule 20").  Rule 20(a) states that "the court shall enter a judgment of acquittal of one or more offenses charged in an indictment, information or complaint after the evidence on either side is closed, if there is no substantial evidence to warrant a conviction."  We review de novo a trial court's denial of a Rule 20 motion. *State v. Harm*, 236 Ariz. 402, 406, ¶ 11 (App. 2015).

¶6            The State presented two witnesses who identified Bibbins in court, were cross-examined by defense counsel, and testified that Bibbins approached M.C. in the hallway of their apartment complex with an unsheathed knife and threatened to cut him with it several times.  The record therefore demonstrates substantial evidence supporting Bibbins's conviction of aggravated assault and disorderly conduct with a deadly weapon or dangerous instrument, and the trial court did not err in denying Bibbins's Rule 20 motion.

**Lack of Jury Determination of Dangerous Offenses**

¶7            The State alleged in the indictment that both offenses were "dangerous" under A.R.S. § 13-704 and the court sentenced Bibbins on both counts under that statute.  The verdict forms did not instruct the jury on this issue and the jury did not make a specific finding of dangerousness on either verdict.  Even assuming the court erred in not presenting the issue of dangerousness separately to the jury, any such error does not rise to the level of fundamental, prejudicial error.  Because the aggravator in this case — use of a deadly weapon or dangerous instrument — was an element of both offenses, no reasonable jury could fail to find dangerousness.  Bibbins cannot demonstrate the requisite prejudice to obtain relief under a harmless error analysis, much less under fundamental error analysis, because any

such error was harmless. *See State v. Larin*, 233 Ariz. 202, 212, ¶ 38 (App. 2013) (explaining that "[g]enerally, an allegation of dangerousness must be found by a jury," "[h]owever, a jury need not make a finding of dangerousness where it is inherent in the crime.") (internal quotations omitted).

## Ineffective Assistance of Counsel

**¶8**      Bibbins challenges the effectiveness of his counsel during plea negotiations and throughout various stages of the trial. Claims of ineffective assistance of counsel, however, must be raised in a post-conviction proceeding under Ariz. R. Crim. P. 32. *See State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9 (2002) (holding that ineffective assistance of counsel claims will not be considered on direct appeal and, instead, must be presented in Rule 32 proceedings). We will therefore not consider this issue in this direct appeal.

## Issues Related to Witness Testimony

**¶9**      Bibbins argues the State deliberately failed to produce a witness M.C. mentioned in his original statement to the police and further that he — Bibbins — should have had a chance to cross-examine that witness because he or she would have testified in his favor. Although the State is required to *disclose* material evidence attacking its case in chief, *see Brady v. Maryland*, 373 U.S. 83, 87 (1963), the State is not obligated to call witnesses that may favor a defendant's case. Thus, no reversible error occurred by the State's failure to call the witness M.C. mentioned in his statement to the police.

**¶10**      Further, Bibbins argues that the court erroneously allowed two State's witnesses to testify in contradiction to their original witness statements. Questions of witness credibility and consistency of testimony are appropriately resolved by the jury, and we will not disturb a verdict based upon conflicting evidence when there is substantial evidence to support the verdict. *See State v. Hughes*, 104 Ariz. 535, 538 (1969); *see also State v. Harrison*, 111 Ariz. 508, 509 (1975). Because substantial testimony and evidence supported the verdict, no reversible error occurred by virtue of some witnesses testifying inconsistently.

## Alleged Prosecutorial Misconduct

**¶11**      Bibbins additionally alleges that prosecutorial misconduct occurred because M.C. sat behind Bibbins and coached a witness while that

witness testified.  Bibbins did not identify in his brief who the witness was.  Defense counsel did not object to M.C.'s location in the courtroom during any witness testimony.  "Failure to object waives an issue on appeal absent fundamental error."  *State v. Hughes*, 193 Ariz. 72, 85, ¶ 58 (1998).  "To prevail on a claim of prosecutorial misconduct, a defendant must demonstrate that the prosecutor's misconduct 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'"  *Id.* at 79, ¶ 26 (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974).  If the court can determine beyond a reasonable doubt that the prosecutorial misconduct did not contribute to or affect the verdict, it is harmless error.  *Hughes*, 193 Ariz. at 80, ¶ 32.  The record does not indicate that any of the prosecutor's actions during any of the witnesses' testimonies infected the trial with unfairness resulting in a denial of due process.  We find no error.

### Alleged Sentencing Error

¶12          Bibbins asserts that the trial court displayed bias against and "total dislike" for him, and that the court should have "lowered [the charges] to misdemeanors" because it had the authority to "override the jury at sentencing."  We do not presume bias on the part of the court and the record does not indicate that the court was prejudiced against Bibbins.  Moreover, the jury verdicts for both charges statutorily obligated the court to impose at least the minimum sentences for each conviction.  A.R.S. § 13-704; *see State v. Johnson*, 116 Ariz. 221, 222 (App. 1977) (statutes can fix or define minimum penalties that a judge may impose).

### Actual Sentence Compared to Plea Offer

¶13          Bibbins argues that he was penalized for exercising his constitutional right to a trial because the sentence imposed was harsher than the plea bargain originally offered.  This argument is without merit because the natural risk of rejecting a plea offer is that trial may result in conviction and a longer sentence.  Moreover, there is no federal or state constitutional right to a plea bargain in the first place. *Weatherford v. Bursey*, 429 U.S. 545, 561 (1977); *State v. Morse*, 127 Ariz. 25, 31 (1980).

¶14          Bibbins has raised several other issues in his supplemental and additional briefs.  We have considered each argument and have found each one to be without legal merit or factual basis in the record before us.  We conclude that no reversible error occurred in his trial or sentencing.

### Due Process Review

¶15 The record reflects Bibbins received a fair trial. He was represented by counsel at all stages of the proceedings against him, he was present at all critical stages, and the court held appropriate pretrial hearings.

¶16 The State presented both direct and circumstantial evidence sufficient to allow the jury to convict. The jury was properly comprised of eight members with one alternate. The court properly instructed the jury on the elements of the charges, the State's burden of proof, and the necessity of a unanimous verdict. The jury returned a unanimous verdict, which was confirmed by juror polling. The court received and considered a presentence report, addressed its contents during the sentencing, and imposed legal sentences for the crimes of which Bibbins was convicted.

## Conclusion

¶17 We have reviewed the entire record for reversible error and find none, and we therefore affirm the convictions and resulting sentences. *See Leon*, 104 Ariz. at 300.

¶18 After the filing of this decision, defense counsel's obligations pertaining to Bibbins's representation in this appeal have ended. Defense counsel need do no more than inform Bibbins of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85. On the court's own motion, Bibbins has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* motion for reconsideration. Bibbins also has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* petition for review.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

6