592 P.2d 1267

**STATE of Arizona, Appellee,**

v.

**Gregory Wayne NELSON, Appellant.**

No. 4532.

Supreme Court of Arizona,
En Banc.

March 29, 1979.

John A. LaSota, Jr., former Atty. Gen., Robert K. Corbin, Atty. Gen. by William J. Schafer III, and Barbara A. Jarrett, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Joel M. Glynn, Deputy Public Defender, Phoenix, for appellant.

HAYS, Justice.

This is an appeal by Gregory Wayne Nelson challenging the constitutionality of his sentencing hearing. We have jurisdiction pursuant to 17A A.R.S. Supreme Court Rules, rule 47(e)(5). We remand for resentencing.

Nelson executed a plea agreement in which he agreed to plead guilty to attempted rape in exchange for the state's stipulation that his maximum sentence would not exceed 10 years in prison. The plea was accepted by Judge Howard Thompson.

Thereafter an officer of the Adult Probation Department interviewed him and prepared a presentence report. The report indicated, *inter alia*, that Nelson blamed his actions on his intoxication at the time of the crime charged and that Nelson believed he should be put on probation. The report also noted that Nelson had been repeatedly involved in similar incidents and that psychologists who had examined him felt he was quite dangerous. The probation officer recommended the maximum sentence.

At the sentencing, Judge Harold D. Martin, taking Judge Thompson's place, asked Nelson if he had anything to say. Nelson made an extended statement seeking probation and alleging that he was intoxicated at the time of the crime.

After the statement and before sentencing, Judge Martin made the following comment:

> I'm going to let you know this is Judge Thompson's case, I'm not judging one way or another, I'm going on what he has put down here and what the report of the Probation Department is. Outside of that I know nothing about the case.

Judge Martin then sentenced Nelson to eight to ten years in prison.

Nelson argues that the above comment clearly indicates that the court did not properly consider his statement in evaluating the propriety of the sentence to be imposed. Thus, he claims, he was denied his constitutional right to make a statement before sentencing—the right of allocution. We agree.

17 A.R.S. Rules of Criminal Procedure, rule 26.10(b)(1), provides that a defendant shall be given an opportunity to speak on his own behalf. We have repeatedly recognized that right. *E. g., State v. Hopson,* 112 Ariz. 497, 543 P.2d 1126 (1975); *State v. Davis,* 112 Ariz. 140, 539 P.2d 897 (1975).

**2**

The obvious import of the rule is that the defendant be allowed to make a mitigating statement *that is considered in determining his sentence.* Judge Martin's declaration that he was not judging one way or another but going on what Judge Thompson had put down is a manifest denial of Nelson's right.

Moreover, the error is not made harmless simply because the substance of Nelson's statement was contained in the presentence report that Judge Martin had apparently considered. Nelson had the right to make a statement and have it considered by the judge before the sentence is decided upon and pronounced even if everything he says is already before the court.

Judgment of conviction is affirmed and the case is remanded for sentencing in conformance with this opinion.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concurring.