617 P.2d 1132

The **STATE of Arizona**, Appellee,

v.

**Andrew BARNETT, Jr.,** Appellant.

**No. 4923.**

Supreme Court of Arizona,
In Banc.

Sept. 15, 1980.
Rehearing Denied Oct. 15, 1980.

Robert K. Corbin, Atty. Gen., by William J. Schafer, III, and Georgia B. Ellexson, Asst. Attys. Gen., Phoenix, for appellee.

Arnold N. Hirsch, Apache Junction, and Ronald G. Saltsman, Phoenix, for appellant.

CAMERON, Justice.

On 1 February 1980, defendant Andrew Barnett, Jr., was convicted by a jury of violating A.R.S. § 13–1206, dangerous or deadly assault by a prisoner. On 12 February 1980, he was sentenced in accordance with the mandatory provision of A.R.S. § 13–1206 to life in prison without possibility of parole for twenty–five years. Barnett now appeals both conviction and sentence contending that A.R.S. § 13–1206 is unconstitutional. We have jurisdiction pursuant to A.R.S. § 13–4031.

In the early morning hours of 20 June 1979, an inmate of the Arizona State Prison in Florence, Gregory Nelson, was stabbed three times with half a pair of garden shears. He received wounds to his chin, left armpit, and above his left breast. After the stabbing, Nelson saw the assailant return to another bunk and was able to determine that the attacker was a fellow inmate, Andrew "Andy Gump" Barnett, the defendant herein.

At trial, several prisoners other than Nelson testified that they saw the defendant return to his bunk after the stabbing. Additionally, inmate John Palmer testified that he heard defendant admit to the stabbing. Defendant was found guilty and sentenced to life imprisonment without possibility of release for twenty–five years.

On appeal, defendant raises four arguments in support of his claim that A.R.S. § 13–1206 is unconstitutional. Three of these arguments have been considered by this court. In *State v. Mulalley,* 127 Ariz. 92, 618 P.2d 586 (1980), we held that the life sentence mandated by A.R.S. § 13–1206 "is not so disproportionate as to violate the prohibitions against cruel and unusual punishment in our state and federal constitutions," id. at 97, 618 P.2d at 591, and that A.R.S. § 13–1206 does not "violate the defendant's Fourteenth Amendment equal protection rights by being arbitrary or capricious." Id. at 97, 618 P. 2d at 591. In *State v. Marquez,* 127 Ariz. 98, 618 P.2d 592 (1980), we determined that A.R.S. § 13–1206 does not invade executive prerogatives because "defining crimes and appropriate sanctions for those who commit them is a legislative function." *Mulalley* and *Marquez,* supra, are dispositive of defendant's arguments that A.R.S § 13–1206 is unconstitutional based on disproportionality of sentence, equal protection, and separation of powers.

Defendant, however, does present an argument on the constitutionality of A.R.S. § 13–1206 that this court has not previously considered. Defendant asserts that the statute makes the status of being a prisoner punishable, and, therefore, constitutes cruel and unusual punishment contrary to *Robinson v. California,* 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962). We do not agree. The United States Supreme Court in *Robinson,* supra, held that the California statute which punished a person because he is addicted to the use of narcotics was unconstitutional. The court stated:

> "This statute, therefore, is not one which punishes a person for the use of narcotics, for their purchase, sale or possession, or for antisocial or disorderly behavior resulting from their administration. It is not a law which even purports to provide or require medical treatment. Rather,

18

we deal with a statute which makes the 'status' of narcotic addiction a criminal offense, for which the offender may be prosecuted 'at any time before he reforms.' California has said that a person can be continuously guilty of this offense, whether or not he has ever used or possessed any narcotics within the State, and whether or not he has been guilty of any antisocial behavior there.

\* \* \* \* \* \*

"\* \* \* We hold that a state law which imprisons a person thus afflicted as a criminal, even though he has never touched any narcotic drug within the State or been guilty of any irregular behavior there, inflicts a cruel and unusual punishment in violation of the Fourteenth Amendment. \* \* \* " 370 U.S. at 666–67, 82 S.Ct. at 1420–21, 8 L.Ed.2d at 762–63.

Unlike *Robinson*, supra, which required no act on the part of the defendant in order to be found guilty, A.R.S. § 13–1206 punishes the act of assault while a prisoner. While it is true that the punishment an inmate receives for assault is harsher than that which a non–inmate would receive for the same act, the statute is no different than any other enhancement of punishment statute which provides for harsher punishment of criminal acts of certain classes of offenders. For example, dangerous or repetitive offenders are punished more severely than first or non–repetitive offenders for the same crime. A.R.S. § 13–604; *Rummel v. Estelle,* 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980). The statute is not unconstitutional because non–prisoners receive lesser punishment for the same act. See also *State v. Fears,* 126 Ariz. 597, 617 P.2d 763 (1980) and *State v. Mulalley,* supra.

We have reviewed the record for fundamental error as required by A.R.S. § 13-4035; *State v. Powell*, 5 Ariz.App. 51, 423 P.2d 127 (1967); and we find no reversible error in the judgment or sentences. *State v. Long*, 121 Ariz. 280, 589 P.2d 1312 (1979); *State v. Rose*, 121 Ariz. 131, 589 P.2d 5 (1978).

The judgment of conviction and sentence are affirmed.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and HAYS and GORDON, JJ., concur.