634 P.2d 579

**STATE of Arizona, Appellee,**

v.

**James Lloyd DENNEY, Appellant.**

**No. 5100.**

Supreme Court of Arizona,
In Banc.

Sept. 23, 1981.

Robert K. Corbin, Atty. Gen., William J. Schafer III, Chief Counsel, Criminal Division, Barbara A. Jarrett, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, James L. Edgar, Deputy Public Defender, Phoenix, for appellant.

GORDON, Justice:

Appellant James Lloyd Denney was convicted by a jury of one count of second degree burglary and one count of theft of property having a value of more than $1,000, both class 3 felonies. For sentence enhancement purposes, the prosecution alleged three prior felony convictions.[1] Appellant now seeks relief from his sentence of two terms of 20 years to be served concurrently. Taking jurisdiction pursuant to A.R.S. Const. Art. 6, § 5(3) and Rule 47(e)(5), Supreme Court Rules, 17A A.R.S., we affirm.

1. A.R.S. §§ 13–604(D) and (K) provide for the enhancement of sentence of an adult who stands convicted of a class 2 or 3 felony when that person has been previously convicted of two or more felonies.

The facts necessary to our decision are these: On December 19, 1979, following the jury verdicts of guilt and out of the presence of the jury, the trial court arraigned the appellant in the first of three sentencing sessions regarding the prior felony convictions according to the mandate of Rules 17.6 and 17.2 of 17 A.R.S. Rules of Criminal Procedure.[2] Appellant initially denied the allegations but after conferring with trial counsel, decided to enter admissions to the prior convictions. Before accepting the admissions, the trial court informed appellant that by admitting the priors, he waived certain rights. The judge also asked appellant whether he understood that a finding that the allegations were true would mean that probation would be unavailable to him and that the penalties to which he would be subject could be increased by statute. Appellant indicated that he understood, and the trial court found that appellant had knowingly, intelligently and voluntarily admitted the prior convictions. The trial court did not, however, inform appellant of the nature and range of the sentences that could be imposed. The court nonetheless ordered that sentencing take place on January 18, 1980.

On that date, the trial judge stated that he had not previously informed appellant of the nature and range of the possible sentences as he was required to do. He explained to appellant that the minimum sentence for each charge with the priors would be 10 years, the maximum would be 20 years and the presumptive term would be 11 years, 3 months and that appellant would not be eligible for release, parole, suspen-

sion, commutation or probation until he had served at least two-thirds of whatever sentence was imposed. Appellant indicated that he understood. The judge then continued by stating that consecutive sentences could be imposed resulting in a possible maximum of 40 years, 20 on each count. Appellant responded that he thought the maximum would be limited to 20 years because he believed the sentences could only run concurrently, not consecutively.[3] As a result, the court found that appellant had not admitted the prior convictions intelligently, knowingly and voluntarily and set January 23 as the date for trial of the allegation of priors.

By the 23rd, the trial judge had resolved that appellant may have been correct in his belief that the sentences could only be concurrent. The judge was also of the opinion that a sentence in excess of 20 years would be inappropriate. As a result, he made the following statement for the record:

"Now, I want the record to reflect that as far as my findings are concerned, I do find, based on what you told me at the time of the last hearing and based on what was discussed and what you said at the time of the trial, that you were aware of all your rights that are enumerated in Rule 17 * * * of the Rules of Criminal Procedure, that you were aware of the effect as far as penalty is concerned to the extent of you being aware that you could be incarcerated for up to 20 years, and that you were aware of the special provisions with regard to not being eligible for probation, parole, commutation, et cetera, until you have served two-thirds

2. The relevant portions of those rules are as follows:

"Rule 17.6  Admission of a prior conviction
"Whenever a prior conviction is charged, an admission thereto by the defendant shall be accepted only under the procedures of this rule, unless admitted by the defendant while testifying on the stand."
"Rule 17.2  Duty of court to advise defendant of his rights and of the consequences of pleading guilty or no contest
"Before accepting a plea of guilty or no contest, the court shall address the defendant personally in open court, informing him of and determining that he understands the following:
\* \* \* \* \* \*

"b The nature and range of possible sentence for the offense to which the plea is offered, including any special conditions regarding sentence, parole, or commutation imposed by statute * * *."

3. Appellant's and his counsel's understanding was based on their interpretation of A.R.S. § 13–116 which provides that '[a]n act or omission which is made punishable in different ways by different sections of the laws may be punished under both, but in no event may sentences be other than concurrent." Because of the sentence actually imposed, we are not called upon to determine the applicability of § 13–116 to this case.

of whatever sentence was imposed by the Court. In other words, I find that you were aware of everything that you had to be aware of before you admitted the prior convictions."

He therefore held that appellant had admitted the priors knowingly, intelligently and voluntarily and that as a result there was no need for a trial on the priors. The judge treated appellant's objection to this procedure as a motion to withdraw the admissions and denied it. He then pronounced sentence.

Appellant contends herein that the trial court violated Rule 17.2, *supra*, because it failed to inform him at the first sentencing session that it could order the sentences imposed to run consecutively rather than concurrently. In response, the state argues first that appellant has no constitutional right to receive concurrent sentences, and, therefore, the trial court is not required to advise a defendant of the possibility of consecutive sentences. Second, the state posits that appellant was not prejudiced by the failure to inform him of the possibility of consecutive sentences because consecutive sentences were not imposed. We agree with both of the state's positions.

■ We have held that a criminal defendant is not constitutionally entitled to concurrent sentences. *State v. Gordon*, 125 Ariz. 425, 610 P.2d 59 (1980); *State v. Young*, 106 Ariz. 589, 480 P.2d 345 (1971). Furthermore, a defendant must be presumed to be "aware of the obvious consequences of separate punishments for * * * two crimes." *Gordon, supra* 125 Ariz. at 427, 610 P.2d at 61; *see Young, supra*. Although the procedure at the first sentencing session was deficient the deficiency was cured when the trial judge fully informed appellant of the nature and range of the possible sentences at the second session. The trial judge was, therefore, under no obligation to inform appellant of the possibility of consecutive sentences.

By allowing the sentence to stand, we do not wish to give the impression that this Court approves the procedure utilized herein. It seems inconsistent to us to find at one point that an admission of priors was not made knowingly and voluntarily and later to reverse that decision. When the trial court determined, whether correctly or not, that appellant had not admitted the priors knowingly, intelligently and voluntarily, it should have proceeded with the trial to prove the priors. This type of trial normally consumes little judicial time.

■ Nevertheless, we believe the irregularities in procedure were merely technical errors. Assuming the judge had violated Rule 17.2 by his ultimate finding of voluntariness, we have held, in the context of a plea agreement, that

"[v]iolations of the rule do not necessarily require the plea to be vacated. The appellate court should examine the sentence actually imposed. If the sentence contains any provision that the defendant was not aware of, that affects the manner in which the sentence or date of parole is computed, either the guilty plea should be vacated or the case remanded to determine if the defendant was actually aware of the provision absent from the record. As we stated in *[State v.] Cuthbertson*, [570 P.2d 1075] *supra*, '[h]owever, if the defendant was not prejudiced by his lack of understanding of the complete provisions of the sentencing statute, the error is not reversible error.' 570 P.2d at 1077." *State v. Ellis*, 117 Ariz. 329, 333, 572 P.2d 791, 795 (1977).

Applying that same rationale herein, we note that appellant received the maximum sentence possible with two or more prior felonies for each count for which he was convicted but that he received only concurrent sentences. This was a possibility of which appellant admitted being aware. Thus, he suffered no prejudice.

For the reasons stated above, we affirm the sentence imposed by the trial court.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and HAYS and CAMERON, JJ., concur.