NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

JODON MARTINEZ, *Appellant*.

No. 1 CA-CR 17-0068
No. 1 CA-CR 17-0393
(Consolidated)
FILED 8-30-2018

---

Appeal from the Superior Court in Maricopa County
No.  CR2014-131399-001
The Honorable Michael W. Kemp, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Nicholaus Podsiadlik
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Maria Elena Cruz joined.

---

**C A T T A N I**, Judge:

**¶1**　　　　Jodon Martinez appeals his convictions and sentences for second-degree murder, attempt to commit second-degree murder, aggravated assault, and unlawful discharge of a firearm.　He argues the superior court erred by sentencing him—a juvenile when he committed the offenses—to a total of 38 years in prison.　He further argues that the court incorrectly instructed the jury that his punishment was within the judge's sole discretion, and that his due process rights were violated when the court allowed a victim's family member to present what Martinez claims was an unduly prejudicial video at sentencing.　For reasons that follow, we affirm Martinez's convictions and sentences.

## FACTS AND PROCEDURAL HISTORY

**¶2**　　　　Martinez was 17 years old when he fired a handgun numerous times at people in a park.　The gunfire killed D.S. and injured M.W.

**¶3**　　　　Martinez was charged as an adult, and a jury found him guilty of the crimes listed above.　The superior court sentenced him to a total of 38 years' imprisonment: consecutive terms of 20 years for second-degree murder, 10.5 years for attempted second-degree murder, and 7.5 years for aggravated assault, as well as a concurrent term of 2.25 years for unlawful discharge of a firearm.

**¶4**　　　　Martinez timely appealed his convictions and sentences, and we have jurisdiction under Arizona Revised Statutes ("A.R.S.") § 13-4033(A).

## DISCUSSION

### I.　　Cruel and Unusual Punishment.

**¶5**　　　　Martinez argues that his 38-year prison sentence violates his rights under the Eighth Amendment to the United States Constitution,

which prohibits the imposition of cruel and unusual punishments. U.S. Const. amend. VIII. He argues that his sentence is the functional equivalent of life without parole and is thus improper under *Miller v. Alabama*, 567 U.S. 460, 465 (2012), which held that a mandatory life sentence without the possibility of parole imposed on a person who was a juvenile at the time of the offense violates the Eighth Amendment. Because Martinez failed to object to the sentences, we review only for fundamental, prejudicial error. *State v. Henderson*, 210 Ariz. 561, 567–68, ¶¶ 19–20 (2005).

¶6         Martinez has not shown error in sentencing, fundamental or otherwise. The Eighth Amendment case law on which Martinez relies does not apply to a juvenile serving consecutive term-of-years sentences. *See State v. Kasic*, 228 Ariz. 228, 232–34, ¶¶ 20, 26 (App. 2011) (noting that "different considerations apply to consecutive term-of-years sentences based on multiple counts and multiple victims"). And all of the relevant United States Supreme Court cases finding Eighth Amendment concerns in this context involve juvenile offenders sentenced to life in prison without the possibility of parole or other early release, and all addressed life without parole for a single offense. *See Graham v. Florida*, 560 U.S. 48, 63 (2010); *Miller*, 567 U.S. at 465, 468–69. Here, in contrast, Martinez was not sentenced to life without parole; he was sentenced to consecutive prison terms totaling 38 years. And that total term of years represented multiple sentences for multiple offenses committed against multiple victims. Thus, Martinez's reliance on *Miller* and *Graham* is unavailing.

¶7         Martinez cites multiple cases from other jurisdictions that have concluded that a term-of-years sentence can be functionally equivalent to a sentence of life without parole. But most of those cases involved sentences longer than 85 years.[1] The shortest sentence found to be the functional equivalent of life without parole was 45 years. *Bear Cloud v. State*, 334 P.3d 132, 136, 141–42 (Wyo. 2014). Martinez's sentence is significantly shorter; he is eligible for release after serving 35.3 years, because he earns one day of "earned release credit" for every six days served for the attempted second-degree murder and the aggravated assault

---

[1]        *See Moore v. Biter*, 725 F.3d 1184, 1185 (9th Cir. 2013) (multiple term-of-years sentences totaling 254 years); *Budder v. Addison*, 851 F.3d 1047, 1049 (10th Cir. 2017) (131.75 years); *People v. Caballero*, 282 P.3d 291, 293 (Cal. 2012) (110 years); *State v. Riley*, 110 A.3d 1205, 1206 (Conn. 2015) (100 years); *Henry v. State*, 175 So. 3d 675, 676 (Fla. 2015) (90 years); *People v. Reyes*, 63 N.E.3d 884, 888 (Ill. 2016) (89 years); *State v. Boston*, 363 P.3d 453, 454 (Nev. 2015) (approximately 100 years); *State v. Moore*, 76 N.E.3d 1127, 1131, 1137 (Ohio 2016) (112 years).

convictions. A.R.S. § 41-1604.07(A). Having a release date within his natural life expectancy, Martinez has "a meaningful opportunity to obtain release," which is what the Eighth Amendment requires in this context. *Graham*, 560 U.S. at 75.

¶8 Finally, Martinez argues that his sentences violate Article 2, Section 15, of the Arizona Constitution, which also protects against cruel and unusual punishments. But the Arizona Supreme Court has declined to interpret that section of the Arizona Constitution as providing greater protection than that provided under the Eighth Amendment. *See State v. Davis*, 206 Ariz. 377, 380–81, ¶ 12 (2003). Accordingly, Martinez's argument fails.

## II. Jury Instruction that Jury Must Not Consider Punishment.

¶9 The court instructed the jury that "You must not consider the possible punishment when deciding on guilt; punishment is left to the judge." Martinez objected to the instruction as legally incorrect because the Legislature—not only the judge—controls the sentence. We review this claim of error to which Martinez timely objected for harmless error. *See Henderson*, 210 Ariz. at 567, ¶ 18. An error is harmless if it did not affect the verdict. *Id.*

¶10 The superior court did not err because the instruction accurately stated the law. "The jury's function is to determine the guilt or innocence of a party without consideration of the possible sentence." *State v. Allie*, 147 Ariz. 320, 326 (1985). The court, not the jury, determines punishment. *Id.* The instruction correctly directed the jury not to consider the possible punishment in determining guilt, given that the court (not the jury) imposed the sentence.

## III. Victim Impact Evidence at Sentencing.

¶11 During the sentencing hearing, the decedent victim's family played a video memorializing D.S.'s life. On appeal, Martinez argues the presentation of the video violated due process because he did not have an opportunity to rebut the video and because the video itself was unduly prejudicial. Martinez did not object before the superior court, so we review only for fundamental, prejudicial error. *Henderson*, 210 Ariz. at 567–68, ¶¶ 19–20.

¶12 Martinez asserts that Arizona's Victims' Bill of Rights prevented him from rebutting the video. *See* Ariz. Const. art. 2, § 2.1(A)(1) (guaranteeing crime victims the right "[t]o be treated with fairness, respect,

and dignity"). But by statute, Martinez had a right "to explain, support or deny the victim's statement" at sentencing. A.R.S. § 13-4426.01; *see also* A.R.S. § 13-4401(19) (defining "victim" to include family members of a deceased victim).

¶13 Moreover, presentation of the video was not unduly prejudicial. Generally, victim impact evidence is admissible at sentencing unless it is "so unduly prejudicial that it renders the trial fundamentally unfair." *Payne v. Tennessee*, 501 U.S. 808, 824–25 (1991). The video, which was viewed only by the court and not by the jury, is a montage of images depicting various points in D.S.'s life, with music playing in the background. Neither the images nor the music was inflammatory. And the images were relevant to assessing the emotional harm to the victim's family, an aggravating factor the jury found at trial and that the court properly could consider at sentencing. *See* A.R.S. § 13-701(D)(9). The presentation of the video thus was not "so unduly prejudicial" as to constitute a due process violation.

## CONCLUSION

¶14 Martinez's convictions and sentences are affirmed.

