NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

ALPHONSO TAYLOR, *Petitioner*.

No. 1 CA-CR 21-0427 PRPC
FILED 9-13-2022

Appeal from the Superior Court in Maricopa County
No. CR2013-003380-001
The Honorable Jay R. Adleman, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Desiree Kerfoot
*Counsel for Respondent*

Alphonso Taylor, Tucson
*Petitioner*

_____

## MEMORANDUM DECISION

Presiding Judge Brian Y. Furuya delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge Paul J. McMurdie joined.

_____

**F U R U Y A** , Judge:

**¶1**　　　　Alphonso Taylor petitions for review from the superior court's summary dismissal of his petition for post-conviction relief. Because Taylor did not state a colorable claim of ineffective assistance of trial counsel, we accept review but deny relief.

## FACTS AND PROCEDURAL HISTORY

**¶2**　　　　The State charged Taylor with one count each of conspiracy to commit transportation of marijuana for sale in an amount over the statutory threshold, a Class 2 felony, transportation of marijuana for sale in an amount over the statutory threshold, a Class 2 felony, and illegally conducting an enterprise, a Class 3 felony. The evidence at trial showed that Taylor made statements consistent with drug trafficking, he had connections to a motorcycle club known to engage in such conduct, and he was caught transporting 594 pounds of marijuana in his vehicle.

**¶3**　　　　At trial, Taylor chose not to testify and failed to appear for the final day of jury deliberations. The jury found Taylor guilty as charged and found aggravating factors applied. Authorities eventually arrested Taylor in another state and extradited him back to Arizona. At sentencing, the superior court found Taylor had two prior felony convictions and sentenced him to an aggregate term of nine years' imprisonment.

**¶4**　　　　Appellate counsel subsequently avowed to thoroughly reviewing the record and, finding no arguable questions of law, filed a brief pursuant to _Anders v. California_, 386 U.S. 738 (1967). Taylor filed a pro se supplemental brief, arguing the superior court should have excluded the marijuana evidence based on a defect in the chain of custody, the court provided misleading jury instructions, and insufficient evidence supported his convictions. We found no error and affirmed Taylor's convictions and sentences. _State v. Taylor_, 1 CA-CR 18-0690, 2019 WL 5828856, at *4 ¶ 18 (Ariz. App. Nov. 7, 2019).

¶5          Taylor filed a timely notice of post-conviction relief and appointed counsel filed a notice of completion stating that she reviewed the record but was "unable to find a colorable issue to submit to the court." Taylor filed a pro se petition for post-conviction relief, arguing trial counsel provided ineffective assistance by failing to inform him of his right to testify, preventing him from testifying, and allowing the superior court to impose illegal sentences. The court summarily dismissed the petition, finding no colorable claim for relief. This petition for review followed.

## DISCUSSION

¶6          Taylor argues the superior court erred by summarily dismissing his petition for post-conviction relief, reasserting his claim that trial counsel provided ineffective assistance by failing to inform him of his right to testify and preventing him from exercising that right. We review the court's summary dismissal of a post-conviction relief proceeding for an abuse of discretion. *See State v. Bennett*, 213 Ariz. 562, 566 ¶ 17 (2006).

¶7          A criminal defendant's constitutional right to a fair trial includes the right to effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 685–86 (1984), *superseded by statute on other grounds*. To state a colorable claim of ineffective assistance of counsel, a defendant must show that counsel's conduct fell below an objective standard of reasonableness and that he suffered prejudice. *See State v. Bigger*, 251 Ariz. 402, 407 ¶ 8 (2021). Because a defendant must demonstrate both deficient representation and prejudice to establish a successful claim, a court may reject the claim based on the defendant's failure to satisfy either requirement. *See State v. Pandeli*, 242 Ariz. 175, 180–81 ¶ 6 (2017).

¶8          While the decision of whether to testify at trial is "exclusively the province of the accused," *State v. Nirschel*, 155 Ariz. 206, 208 (1987), the defendant waives that right if he does not make "his desire to testify known at trial, not as an afterthought," *State v. Allie*, 147 Ariz. 320, 328 (1985). Here, Taylor was present when the superior court addressed his right to testify with the jury and did not request further clarification. At the close of the State's case, trial counsel stated that "based on, at this point, Mr. Taylor's observations, as far as the State's case, he has indicated to me he does not intend to testify." Taylor did not object to counsel's statements and did not express a desire to testify when counsel announced that the defense would present no evidence. The record suggests that Taylor knew of his right to testify and chose not to exercise that right based on the State's evidence. Nothing from the record indicates counsel improperly interfered, or had any demonstrable impact, on Taylor's decision not to testify. *See State v.*

*Tison*, 129 Ariz. 546, 556 (1981) ("[P]roof of ineffectiveness must be a demonstrable reality not merely a matter of speculation."). The court properly rejected Taylor's claim of ineffective assistance of counsel as non-colorable.

¶9　　　　Taylor raises new ineffective assistance of trial counsel claims for the first time in his petition for review. He argues the superior court dismissed the proceeding before he received the grand jury transcript and prevented him from amending the petition for post-conviction relief to contain the additional claims. Taylor, however, did not request the grand jury transcript until months after filing the petition for post-conviction relief and did not request leave to file an amended petition. Thus, the court did not err in making its finding based solely on the claims presented in the petition for post-conviction relief. *See* Ariz. R. Crim. P. 32.9(d), 32.11(a). We will not consider any alleged instances of ineffective assistance of counsel presented for the first time in the petition for review, and need not address them on their merits. *See* Ariz. R. Crim. P. 32.16(c)(2)(B); *State v. Ramirez*, 126 Ariz. 464, 468 (App. 1980).

¶10　　　　Finally, Taylor's petition for review abandons any mention of his claim that trial counsel provided ineffective assistance at sentencing. "A party's failure to raise any issue that could be raised in the petition for review or cross-petition for review constitutes a waiver of appellate review of that issue." Ariz. R. Crim. P. 32.16(c)(4). We therefore deem any such claim waived.

## CONCLUSION

¶11　　　　We grant review and deny relief.



AMY M. WOOD • Clerk of the Court
FILED:　AA

4