NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

IN RE: DAKOTA D.

No. 1 CA-MH 24-0128

FILED 04-01-2025

---

Appeal from the Superior Court in Apache County
No. S0100MH202400007
The Honorable Michael D. Latham, Judge

**AFFIRMED**

---

COUNSEL

Apache County Attorney's Office, St. Johns
By Celeste M. Robertson
*Counsel for Appellee*

Law Office of Elizabeth M. Hale, Lakeside
By Elizabeth M. Hale
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Kent E. Cattani delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Angela K. Paton joined.

---

**C A T T A N I**, Judge:

**¶1**             Dakota D. ("Patient") appeals the superior court's order committing him for involuntary mental health treatment. Patient argues the order should be vacated because he was not permitted to testify or call witnesses. For reasons that follow, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**             Patient's mother called a crisis team after Patient stopped eating, believing his food was poisoned. Patient had lost 60 pounds in five months. Patient's mother reported that he had also threatened his family, screamed at children, and banged on walls around the house. Patient refused to submit to an evaluation or to be admitted for treatment, so the hospital obtained a court order to admit Patient for an emergency evaluation.

**¶3**             Patient was evaluated by two psychiatrists, and each offered a probable diagnosis of schizophrenia. One doctor concluded that Patient had engaged in bizarre behavior and had paranoid delusions. The other noted Patient had a history of schizophrenia and "present[ed] with increased psychosis, paranoia and delusions."

**¶4**             One of the doctors filed a petition for court-ordered treatment, attaching his and the other doctor's affidavits. The petition requested that the court order Patient to undergo combined inpatient and outpatient treatment.

**¶5**             The court held a hearing on the petition and heard testimony from both doctors, as well as a nurse and a social worker at the hospital. The superior court found Patient to be a danger to himself, a danger to others, and persistently or acutely disabled due to a mental disorder. The court ordered combined inpatient and outpatient treatment for no more than 365 days, with inpatient treatment not to exceed 180 days. Patient timely appealed, and we have jurisdiction under A.R.S. § 36-546.01 and § 12-2101(A)(10)(a).

## DISCUSSION

**¶6** Because involuntary treatment strongly implicates a patient's liberty interests, "statutory requirements must be strictly construed and followed." *In re MH 2008-002596*, 223 Ariz. 32, 35, ¶ 12 (App. 2009). We review issues of statutory interpretation de novo. *In re MH 2001-001139*, 203 Ariz. 351, 353, ¶ 8 (App. 2002). But we review the facts underlying the civil commitment order in the light most favorable to upholding it and will not set aside the court's factual findings unless clearly erroneous. *MH 2008-002596*, 223 Ariz. at 35, ¶ 12.

**¶7** Under A.R.S. § 36-539(B), a "patient's attorney may subpoena and cross-examine witnesses and present evidence" at a civil commitment hearing. Patient argues he was denied his right to testify and call a witness. He was not.

**¶8** First, Patient did not assert his right to testify. Patient merely expressed a "willing[ness] to answer questions," not a desire to testify. *Cf. State v. Allie*, 147 Ariz. 320, 328 (1985) (noting that the "right [to testify] is subject to defendant's making his desire to testify known at trial"). Patient was also represented by counsel, who did not call Patient as a witness or otherwise indicate that Patient wanted to testify.

**¶9** Second, Patient did not attempt to call any witnesses. Patient's attorney had mentioned a potential witness that Patient informed him about the morning of the hearing. According to the attorney, Patient claimed there was a doctor who would testify that Patient did not need medication. But the attorney did not identify the doctor or seem to know who the doctor was. The attorney did not request a continuance to identify, interview, or subpoena the doctor, and when the court asked if he had any witnesses, the attorney responded, "no." Accordingly, Patient has not established that he was denied his right to testify or to call witnesses.

## CONCLUSION

**¶10** We affirm.

