754 P.2d 331

**Mark Allen OSBORNE, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF PINAL; Honorable Franklin D. Coxon, a Judge thereof, Respondents,**

and

**STATE of Arizona, Real Party in Interest.**

**STATE of Arizona, Petitioner,**

v.

**SUPERIOR COURT OF PINAL COUNTY, and Honorable E.D. McBryde, a Judge thereof, Respondents,**

and

**Mark Allen OSBORNE, Real Party in Interest.**

Nos. 2 CA–SA 88–0018, 2 CA–SA 88–0026.

Court of Appeals of Arizona, Division 2, Department A.

March 22, 1988.

Review Denied May 24, 1988.

Cole & O'Neil by Mark A. Higgins, Casa Grande, for Mark Allen Osborne.

Roy A. Mendoza, Pinal Co. Atty. by Catherine M. Hughes, Florence, for State.

## OPINION

HOWARD, Presiding Judge.

This special action involves a question of first impression concerning the obligation of a defendant under Ariz.R.Crim.P. 15.2, 17 A.R.S., to disclose prior witness statements which may be used for impeachment purposes at trial. Because we believe the trial court abused its discretion in ordering

**4**

disclosure, and because petitioner, the defendant below, has no equally plain, speedy or adequate remedy by way of appeal, we accept jurisdiction and grant relief.[1]

Petitioner is the defendant in Pinal County Cause No. CR 13224, charged with first degree murder of a fellow prison inmate. On January 7, 1987, petitioner filed a Notice of Defenses and Disclosure which stated that "[a]s of the date of this pleading, the defense may call or examine the following persons as witnesses: Each and every person called by the State and or listed or referred to in the State's discovery materials." His disclosure was subsequently amended to delete those witnesses whose statements are at issue here. Pursuant to Rule 15, the state filed a motion to compel disclosure from the petitioner, requesting the trial court to order that petitioner disclose any and all statements taken from witnesses disclosed by both parties, including tape recordings and transcripts of tape recordings.

Following a hearing, the trial court ordered disclosure as follows:

1. The Defendant IS HEREBY ORDERED to disclose to the State the written or tape recorded statements of any and all previously disclosed witnesses who have requested copies of their statements;

2. The Defendant IS HEREBY ORDERED to disclose to the State transcripts or tape recordings of the administrative disciplinary hearings conducted at the prison;

3. The Defendant IS HEREBY ORDERED to disclose to the State the written or tape recorded statements of all witnesses whom have been disclosed as witnesses by either the State or the Defendant;

4. IT IS ORDERED that the Defendant is not required to disclose any statements of witnesses who have not been disclosed by either the State or the Defendant;

5. IT IS ORDERED that the Defendant is not required to disclose work product. Work product shall be defined as mental impressions, strategy and conclusions of counsel.

6. IT IS FURTHER ORDERED that any claim of work product shall be subject [to] an in-camera inspection by the Court.

This special action followed.

Notwithstanding the language of the order, the parties agree that the statements sought fall into three general categories. First, the petitioner was ordered to disclose the statements of state witnesses who had been interviewed in the presence of the prosecutor. Second, petitioner was ordered to disclose the statements of witnesses disclosed by the state who had been interviewed outside the presence of the prosecutor. Finally, petitioner was ordered to disclose tape recordings of a prison disciplinary hearing which was attended by counsel for petitioner but not by counsel for the state. Our opinion is addressed only to those three categories. To the extent that the trial court's order requires disclosure of statements taken from defense witnesses, the order is affirmed.

In addition to requiring the disclosure of defenses as to which evidence will be introduced and of the witnesses to be called in support of those defenses, Rule 15.2(c) provides that a criminal defendant must make available to the prosecutor

(1) The names and addresses of all persons, other than the defendant himself, whom he will call as witnesses at trial, together with all statements made by them in connection with the particular case;

(2) The names and addresses of experts whom he will call at trial, together with the results of his physical examinations and of scientific tests, experiments or comparisons, including all written reports and statements, made by them in connection with the particular case; and

---

1. The state has also filed a separate special action pertaining to unrelated matters which was consolidated with this case and heard simultaneously. In our discretion, we decline to accept jurisdiction, and the state's petition is ordered dismissed.

(3) A list of all papers, documents, photographs and other tangible objects which he will use at trial.

Any of the items listed under Rule 15.-2(c)(3) must be made available upon request to the prosecutor for examination, testing and reproduction. Ariz.R.Crim.P. 15.2(d), 17 A.R.S. Additionally, Rule 15.2(f) provides:

Upon motion of the prosecutor showing that he has substantial need in the preparation of his case for additional material or information not otherwise covered by Rule 15.2, that he is unable without undue hardship to obtain the substantial equivalent by other means, and that disclosure thereof will not violate the defendant's constitutional rights, the court in its discretion may order any person to make such material or information available to him. The court may, upon request of any person affected by the order, vacate or modify the order if compliance would be unreasonable or oppressive.

Petitioner contends that the only use which he intends to make of the statements ordered disclosed is as impeachment evidence during cross-examination of the state's witnesses, and that disclosure is therefore not required under Rule 15. The state responds initially that if an impeached witness denies the prior statement and petitioner is then required to prove the statement in his case-in-chief, the prior statement becomes "evidence" which is subject to disclosure under Rule 15.2(c)(3). The state has cited us to no authority for its interpretation other than the comment to the rule, which merely states that subsection (c)(3) is similar to the prosecutor's disclosure obligations, "except that it is limited to evidence which the defendant will offer at trial."

We disagree with the state's interpretation of Rule 15.2(c)(3). First, we believe that this subsection is limited by its terms to items of real, as opposed to testimonial, evidence, the latter being covered by subsections (1) and (2). Second, we believe that the disclosure of prior statements used for impeachment is governed by Ariz.

R.Evid. 613(a), 17A A.R.S. *See* Ariz.R. Crim.P. 19.3(a); *see also State v. Hines*, 130 Ariz. 68, 633 P.2d 1384 (1981). The Rules of Evidence provide:

In examining a witness concerning a prior statement made by him, whether written or not, the statement need not be shown nor its contents disclosed to him at that time, but on request the same shall be shown or disclosed to opposing counsel.

Ariz.R.Evid. 613(a), 17A A.R.S. Under this rule, if petitioner determines to use prior statements to impeach a prosecution witness, the prosecutor must be given an opportunity at that time to review the statements in question, and any issue as to the accuracy of the statement or whether it has been taken out of context can be resolved at that point. The mere possibility that such statements may be used and may be inaccurate or taken out of context does not justify a blanket order requiring disclosure of all statements not otherwise covered by Rule 15.2.

The second reason advanced by the state for disclosure of statements taken in the presence of the prosecutor is that it would be a waste of state funds to require the state to make duplicate transcripts. As to these witnesses, counsel for the state was present for the interviews and was fully capable of recording the statements made. Rule 15.2 places no obligation on defense counsel to provide tapes or transcripts where counsel for the state has chosen not to record an interview.

The same is true with respect to the tapes and transcripts of the prison disciplinary hearing. The state advised this court at oral argument that the prison's tape recording of the hearing, although initially misplaced, had been found. Even assuming that a transcript of that hearing is needed by the state in preparation for trial, Rule 15.2 does not require the petitioner to provide it, when its only possible use by petitioner is for impeachment of the state's witnesses.

Finally, the state contends that the trial court's order can be supported under

Rule 15.2(f) as a proper exercise of the trial court's discretionary authority. Again, we disagree. A prerequisite to the trial court's exercise of authority under this subsection is a showing by the prosecutor that she is unable without undue hardship to obtain by other means the substantial equivalent of the material or information requested. No such showing has been made in this case. With respect to statements made during witness interviews in her presence and the prison disciplinary hearings, the prosecutor has or could have had the substantial equivalent of defense counsel's tape recordings. The expense to the state of transcription does not amount to "undue hardship" within the meaning of the rule. With respect to all of the statements, she will have the opportunity to review them and make her objections as to accuracy and context if and when they are used by petitioner to impeach the state's witnesses.

The order of the trial court is vacated in part, and the cause is remanded for further proceedings consistent with this opinion.

FERNANDEZ and ROLL, JJ., concur.