NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DAMIAN JOSE LOMELI, *Appellant.*

No. 1 CA-CR 14-0520
FILED 11-15-2016

Appeal from the Superior Court in Navajo County
Nos. S0900CR201300371 and S0900CR201300609
The Honorable Ralph E. Hatch, Judge

**AFFIRMED IN PART; VACATED IN PART**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael T. O'Toole
*Counsel for Appellee*

Coronado Law Firm, PLLC, Lakeside
By Eduardo H. Coronado, Kai M. Henderson
*Counsel for Appellant*

Damian Jose Lomeli, Florence
*Appellant*

---

## MEMORANDUM DECISION

---

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge Patricia A. Orozco joined.

---

**C A T T A N I**, Judge:

**¶1** Damian Jose Lomeli appeals his convictions and sentences for child molestation, sexual abuse of a minor, luring a minor for sexual exploitation, and sexual conduct with a minor. Lomeli's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, he found no arguable question of law that was not frivolous. Counsel asks this court to search the record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).

**¶2** Lomeli filed a *pro se* supplemental brief in which he (1) challenges the sufficiency of the evidence underlying his conviction of sexual conduct with a minor and asserts that conviction of both child molestation and sexual conduct with a minor violated double jeopardy, (2) argues that the court erred by allowing written certification (as opposed to requiring testimony) from the custodian of records regarding provenance of text message records, (3) challenges admissibility of the text message records on hearsay grounds, (4) argues the court erroneously required the defense to disclose attorney work product to the State, and (5) asserts that the court erred by failing to inquire directly whether he wanted to testify at trial.

**¶3** We ordere*d Penson*[1] briefing to address whether the evidence presented at trial showed that Lomeli committed separate acts warranting conviction of both molestation and sexual conduct with a minor without violating principles of double jeopardy. For reasons that follow, we vacate Lomeli's conviction and sentence for child molestation. We affirm in all other respects.

---

[1]      *Penson v. Ohio*, 488 U.S. 75 (1988).

**FACTS AND PROCEDURAL BACKGROUND**

¶4       The victim, A.G., was 14 years old in May 2013.  Her mother, Christina A., was in a relationship with Lomeli at the time, and Lomeli was a father figure to A.G.  Lomeli, Christina, A.G., and A.G.'s younger brothers and sister lived together in a house in Winslow.

¶5       On the night of May 9, 2013, Lomeli, Christina, and two friends were drinking together at the house.  Around 5:00 a.m. the following morning, Christina and the two friends left the house to return a car the friends had been using.  While they were gone, A.G.'s sister saw Lomeli come into the bedroom she shared with A.G., and climb on top of A.G. under the blanket.

¶6       Between approximately 5:45 a.m. and 6:05 a.m. that morning, Lomeli and A.G. exchanged a series of text messages:

| | |
|---|---|
| Lomeli: | "Mmmm u felt so goood" |
| A.G.: | "I love you daddy!" |
| Lomeli: | "I love the way u feel Mmmmm nd I love u more" |
| A.G.: | "dad I want you to know just cus i have a boyfriend now, youll always be my #1 man & the only guy i love! /ndad i dont want nothing to change between us" |
| Lomeli: | "U taste so good i could li[v]e on jus u nd ur juices" |
| . . . . | |
| Lomeli: | "Wen mom leaves i want u on top baby" |
| Lomeli: | "Cuz u feel soooo good" |
| . . . . | |
| Lomeli: | "Y dnt u send me pix of my girls nd the one I love 2 eat anymore" |
| A.G.: | "whose your girls ?" |
| Lomeli: | "Wen i cum will u swallow it nd my girls r ur boobs dork" |
| Lomeli: | "Duh" |
| A.G.: | "oh HAHAHA, I will daddy. \n& I dont wanna swallow before school, ill swallow you more than once tomorrow thouu" |
| Lomeli: | "I swallowed u a min ago" |

¶7       Later that day, Christina saw the "I dont wanna swallow before school" text from A.G. on Lomeli's phone.  She confronted Lomeli

and A.G., and kicked Lomeli out of the house. Christina informed the police the next day.

**¶8** Lomeli was arrested, and the State charged him with child molestation, sexual abuse of a minor, luring a minor for sexual exploitation, and sexual conduct with a minor under 15 years of age. At trial, A.G. acknowledged telling her mother and a forensic interviewer that Lomeli had "touched" her breasts and her vagina. But she claimed that those statements were untrue and that Lomeli had never touched her inappropriately or sexually.

**¶9** The jury convicted Lomeli as charged. The court sentenced him to concurrent terms of 17 years for child molestation and 11.25 years each for sexual abuse and luring a minor for sexual exploitation (with credit for 409 days of presentence incarceration), to be followed by a consecutive term of 20 years for sexual conduct with a minor. Lomeli timely appealed.

## DISCUSSION

### I. Separate Acts and Double Jeopardy.

**¶10** We ordered *Penson* briefing to address whether the evidence presented at trial supported convicting Lomeli of both child molestation and sexual conduct with a minor under 15 years of age without violating principles of double jeopardy. Because Lomeli did not raise this issue at trial, we review for fundamental, prejudicial error. *See State v. Henderson*, 210 Ariz. 561, 567–68, ¶¶ 19–20 (2005).

**¶11** A double jeopardy violation under the constitution results in fundamental error. *State v. McGill*, 213 Ariz. 147, 153, ¶ 21 (2006). The constitutional prohibition against double jeopardy protects a defendant from multiple convictions and punishments for the same offense; for these purposes, an offense and its lesser included offenses are considered the same offense. *State v. Ortega*, 220 Ariz. 320, 323, ¶ 9 (App. 2008). Child molestation is a lesser included offense of sexual conduct with a minor under 15 years of age.[2] *Id.* at 328, ¶ 25. Double jeopardy is only implicated, however, when the greater offense and the lesser offense are based on the

---

[2] Sexual conduct with a minor includes intentionally or knowingly engaging in oral sexual contact with, as relevant here, a child under 15 years of age. Ariz. Rev. Stat. ("A.R.S.") § 13-1405(A), (B). Child molestation includes intentionally or knowingly "touching, fondling or manipulating" the genitals of a child under 15 years of age. A.R.S. §§ 13-1401(A)(3), -1410(A).

"same act or transaction." *See Blockburger v. United States*, 284 U.S. 299, 304 (1932). Thus, "[m]ultiple sexual acts that occur during the same sexual attack may be treated as separate crimes." *State v. Boldrey*, 176 Ariz. 378, 381 (App. 1993).

¶12 Here, the sexual conduct and molestation charges arose from a single, overarching incident. The text message exchange between Lomeli and A.G. in which he stated that he could "li[v]e on jus u and ur juices" and that he "swallowed u a min ago"—particularly with the corroborating testimony from A.G.'s younger sister that Lomeli had climbed on top of A.G. in bed—provided sufficient evidence that Lomeli had performed oral sex on A.G., supporting the conviction of sexual conduct with a minor.

¶13 The only other evidence that could indicate a separate act to support the molestation conviction was A.G.'s testimony acknowledging her statements to the forensic interviewer that Lomeli had "touched" her vagina "sexually" during the same period between 5:00 a.m. and 6:00 a.m. But A.G.'s testimony did not specify how Lomeli had "touched" her vagina, i.e., manually, digitally, orally, or otherwise, and Lomeli necessarily "touched" A.G.'s vagina orally in the act of oral sex underlying the sexual conduct with a minor conviction.[3] Accordingly, there is no evidence that Lomeli committed an act constituting molestation separate from the oral sexual contact supporting the sexual conduct conviction. We therefore vacate Lomeli's conviction of child molestation and the resulting sentence.

## II. Lomeli's *Pro Se* Supplemental Brief.

### A. Sexual Conduct with a Minor.

¶14 Lomeli argues that the State failed to present sufficient evidence to support his conviction of sexual conduct with a minor. Although Lomeli argues that the text messages did not "say with specificity that [he] engaged in 'oral sexual contact' with A.G.'s vulva," as described above, *supra* ¶ 13, the text message exchange strongly supports the reasonable inference that Lomeli engaged in oral sex with A.G. And

---

[3] Based on other documents in the appellate record but not presented at trial, A.G. reported during the police investigation that Lomeli "fondled her . . . vaginal area but on top of her clothes" and that Lomeli had "rubbed" her vagina. These details indicated a type of contact different than the oral sexual contact, supporting the initial molestation allegation. But the details were not presented at trial, leaving the jury no basis from which to find a separate sexual act to support the molestation conviction.

although Lomeli suggests that the text messages were inadmissible hearsay, his trial counsel stipulated to their admission into evidence, and the relevant text messages were non-hearsay statements of Lomeli himself. *See* Ariz. R. Evid. 801(d)(2).

### B.      Certificate of Records.

**¶15**      Lomeli argues the court erred by admitting in evidence the cell phone company's certificate of records certifying the text message records as a business record. We review the superior court's evidentiary rulings for an abuse of discretion. *State v. Chappell*, 225 Ariz. 229, 238, ¶ 28 (2010).

**¶16**      Here, Lomeli's counsel stipulated to admission of the text message records. Moreover, Rule 803(6)(D) of the Arizona Rules of Evidence expressly allows use of a self-authenticating certification like the one provided here to establish foundation for the admission of a business record. *See also* Ariz. R. Evid. 902(11), (12). Accordingly, the court did not err.

### C.      Text Messages.

**¶17**      Lomeli next argues that the court erred by admitting into evidence the text message records. Although Lomeli asserts the text messages were inadmissible hearsay, as noted above, Lomeli's counsel stipulated to their admission into evidence. And although Lomeli argues that admission of the text messages violated his confrontation right, most of the text message declarants testified at trial and the substance of the text messages was non-testimonial in any event. *See Crawford v. Washinton*, 541 U.S. 36, 51–52 (2004).

### D.      Defense Work Product.

**¶18**      Lomeli also argues that the superior court erred by ordering defense counsel to disclose work product to the State. On the fourth day of trial, the State learned that the defense had failed to disclose an interview with a witness. The court ordered disclosure over defense counsel's objection that the recording contained work product in the form of his own thoughts and opinions of the case. When the prosecutor began to review the recording, he discovered factual statements by the witness, but also a work-product opinion expressed by defense counsel, and immediately stopped reviewing the recording.

**¶19** The court properly ordered disclosure on the basis that, although the State had in fact called the witness, the defense had listed the individual as a defense witness, so the recording of the interview was subject to disclosure under Arizona Rule of Criminal Procedure 15.2(c)(1). Because the recording was of an interview of a defense witness, not a witness for the State, Lomeli's reliance on *Osborne v. Superior Court*, 157 Ariz. 2 (1988), is misplaced. Moreover, the prosecutor properly stopped the recording when he became aware of the defense work product, and Lomeli has not shown that the prosecutor made use of the work product (as opposed to factual information from the recording).

### E. Defendant's Right to Testify.

**¶20** Finally, Lomeli argues the court erred by failing to inquire of Lomeli directly regarding whether he wished to testify. But the superior court has no obligation to make such an inquiry *sua sponte*; instead the defendant must make his desire to testify known at trial. *State v. Allie*, 147 Ariz. 320, 328 (1985). Here, although defense counsel on one occasion indicated that Lomeli intended to testify, counsel later simply rested the defense case, and nothing in the record indicates Lomeli opposed this decision.

## III. Fundamental Error Review.

**¶21** We have read and considered counsel's brief and have reviewed the record for reversible error. *See Leon*, 104 Ariz. at 300. Lomeli was present and represented by counsel at all stages of the proceedings against him. The record reflects that the superior court afforded Lomeli all his constitutional and statutory rights, and that the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. The court conducted appropriate pretrial hearings, and (with the exception of the child molestation conviction discussed above) the evidence presented at trial was sufficient to support the jury's verdicts. Lomeli's remaining sentences fall within the range prescribed by law, with proper credit given for presentence incarceration.

### CONCLUSION

**¶22** We vacate Lomeli's conviction and sentence for child molestation. Lomeli's remaining convictions and sentences are affirmed.

**¶23** After the filing of this decision, defense counsel's obligations pertaining to Lomeli's representation in this appeal will end after informing Lomeli of the outcome of this appeal and his future options, unless

counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Lomeli shall have 30 days from the date of this decision to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:  AA